HAGGARD v. HAGGARD.

1. **Divorce:** ADULTERY: EVIDENCE CONSIDERED. The admissions of de-
   fendant, made in the spirit of boasting, and the direct but improbable
   testimony of a hostile witness, considered, and *held* not sufficient to
   establish the charge of adultery as a ground for divorce.

*Appeal from Carroll District Court.*

FRIDAY, OCTOBER 19.

ACTION FOR A DIVORCE. Upon a trial on the merits, a decree
was rendered divorcing the parties. Defendant appeals.

*M. W. Beach*, for appellant.

*Betzer & Scott*, for appellee.

BECK, J.—I. The plaintiff seeks a divorce on the ground
of adultery committed by defendant. The charge is sup-
ported by evidence introduced to show that defendant con-
fessed having committed the offense. But the testimony is
extremely vague and unsatisfactory, and impresses us that the
alleged admissions were made during the progress of an un-
clean conversation had with rough young men, more in the
spirit of boasting than as a truthful assertion. The testi-
mony on this point lacks explicitness and particularity.

II. One witness testifies that she surprised defendant
*flagrante delicto*. With particularity she relates the facts,
and her testimony is positive and direct. We are not able
to credit it for the following reasons: The woman, whom
she accuses as being a partner in defendant's crime, was her
own daughter, and a sister-in-law of defendant. The act, as
alleged, occurred at the witness' house, where her daughter
lived with her husband, and during his last illness, of which
he died about that time. This was about a month before the
birth of a child of the daughter. The circumstances con-

nected with the witness' discovery of the parties while in the act, are improbable, as showing a fearlessness of exposure hardly ever shown by even the most abandoned woman. The character of the daughter is shown to have been good, and the witness' character for honesty and truth is far from being above suspicion. Add to all this the fact that enmity and ill feeling exists on the part of the witness towards her daughter, for the reason that, after her husband's death, she left her mother's home and went to live with her husband's brother, where defendant resided. The daughter and defendant in their testimony both directly and explicitly deny the mother's evidence. We reach the conclusion that the petition of plaintiff ought to be dismissed.

REVERSED.